IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CR-00263-01-DGK |
| ) | |
| LESTER BROWN, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON VARIOUS MOTIONS

This case involves allegations that Defendant Lester Brown used electronic devices to track Christopher Harris and eventually murdered Mr. Harris in front of his minor daughter. Defendant is charged in a three-count indictment, alleging: (1) conspiracy to commit cyberstalking in violation of 18 U.S.C. § 371; (2) aiding and abetting cyberstalking resulting in death in violation of 18 U.S.C. §§ 2261A, 2261(b) & 2; and (3) being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Trial is scheduled to start on May 1, 2023.

Now before the Court are a variety of motions from the Government as well as Defendant, including respectively: (1) Defendant's motion in limine to exclude Rule 404(b) evidence, ECF No. 123; (2) the Government's motion for additional time for oral argument and one witness examination, ECF No. 142; (3) the Government's motion to present witness testimony in installments, ECF No. 143; (4) the Government's motions to exclude testimony regarding an alleged bounty placed on Defendant's head, ECF No. 144; and (5) Defendant's motions in limine on various issues, ECF No. 146-1.[1]

For the reasons explained below, the Court: (1) GRANTS the Government's motions, ECF

---

[1] These motions in limine were attached to a motion for leave to file them out of time. ECF No. 146. For good cause shown, the motion for leave is GRANTED, and the Court considers the motions in limine on the merits.

Nos. 142–44; (2) GRANTS IN PART and DENIES IN PART Defendant's motions in limine on various issues, ECF No. 146-1; and (3) DENIES Defendant's motion in limine to exclude Rule 404(b) evidence, ECF No. 123.

**Discussion**

The Court will addresses the Government's motions before turning to Defendant's.

**I.     The Court grants the Government's various, uncontested motions.**

The Government has filed several motions on a variety of issues. Defendant has not opposed any of these motions. The Court briefly addresses each of these uncontested motions.

**A.  The Government is allowed thirty minutes for its opening statement, and Timothy Flohrschutz's direct examination may exceed sixty minutes.**

The Government seeks thirty minutes for opening statement and to exceed the Court's witness examination limit of sixty minutes per witness. ECF No. 142.

Since this is a complex case involving technical data and numerous witnesses that may span over a week, the Court finds that the Government may have thirty minutes for opening statement. And because the Government's witness, Timothy Flohrschutz, will provide highly technical and involved testimony regarding the tracking and cellphone data in this case, the Court finds that his direct examination may exceed the sixty minute limit imposed by the Court. For these reasons, the Government's first motion is GRANTED.

**B.  The Government may present Timothy Flohrschutz's testimony in installments.**

The Government next seeks the Court's permission to present Timothy Flohrschutz's testimony in installments over the course of the trial. ECF No. 143. The Court finds that presenting Mr. Flohrschutz's testimony in installments will aid the jury in understanding his testimony in light of the other evidence in the case as well as the progression of the investigation. Defendant may cross-examine Mr. Flohrschutz at the end of each installment, but he shall limit

2

his questions to what Mr. Flohrschutz testified to on direct or redirect during that particular installment. The Government's motion is thus GRANTED.

### C. Defendant is prohibited from eliciting testimony, introducing evidence, or making arguments that Mr. Harris placed a "bounty" on Defendant.

The Government seeks to exclude testimony or evidence that Mr. Harris allegedly placed a bounty on Defendant in response to Defendant's threats. ECF No. 144. The Government argues that much of this evidence is inadmissible hearsay, and even if it were not, it should still be excluded as irrelevant and unfairly prejudicial. Defendant has not opposed the motion.

As an initial matter, the Court agrees that any such evidence would be inadmissible under Rules 401, 402, and 403. There is no evidence that Defendant tracked, threatened, and murdered Mr. Harris in self-defense to this alleged bounty. Moreover, since there are no allegations of self-defense, the Court also finds that introducing this evidence would be misleading, unfairly prejudicial, and confusing. Even assuming it were admissible under these rules, the Court would still exclude it to the extent that any testimony was based on hearsay statements to the witnesses.

The Court GRANTS the Government's motion to exclude testimony and evidence about a bounty on Defendant. Defendant is prohibited from eliciting testimony, introducing testimony, or making any arguments on this issue.

## II. The Court grants in part and denies in part Defendant's motions in limine on discrete issues.

Defendant moves to: (1) exclude crime scene and autopsy photos that depict Mr. Harris; (2) exclude pictures of Mr. Harris with his minor daughter that predated the events in this case; (3) exclude evidence that Defendant fled from police; and (4) prevent law enforcement witnesses from wearing "full tactical gear." ECF No. 146-1. The Court addresses each in turn.

3

**A. The Court will not exclude the crime scene and autopsy photographs at this time.**

Defendant seeks to exclude the crime scene and autopsy photos that depict Mr. Harris after his alleged murder. He argues that this evidence would be unfairly prejudicial and it would inflame the jury. He also argues that the autopsy photos would be cumulative of the crime scene photos. By citing extensive Eighth Circuit precedent, the Government persuasively argues that the evidence is highly relevant and not excludable under Rule 403.

The Government is correct. The crime scene and autopsy photographs are highly relevant to various issues in this case. As an initial matter, this case involves a charge that Defendant used tracking devices to cyberstalk Mr. Harris, and that this cyberstalking eventually resulted in Mr. Harris's death. So the photographs that potentially show Mr. Harris was murdered go directly to an element contested by Defendant. The crime scene photographs will corroborate testimony from witnesses about what happened before, during, and after Mr. Harris's death, and they will allegedly link Defendant to this alleged crime. The autopsy photographs will also assist in corroborating the testimony of the medical examiner regarding Mr. Harris's cause of death, and are not cumulative or duplicative of the crime scene photographs. And after carefully reviewing all the proposed photographs, the Court also finds that this highly probative evidence is not substantially outweighed by unfair prejudice because the photographs are not too gruesome or inflammatory.

In fact, the Eighth Circuit has routinely rejected the arguments Defendant makes here. *United States v. Greatwalker*, 356 F.3d 908, 912–13 (8th Cir. 2004); *United States v. Ortiz*, 315 F.3d 873, 897 (8th Cir. 2002); *United States v. Ingle*, 157 F.3d 1147, 1153 (8th Cir. 1998); *United States v. Davidson*, 122 F.3d 531, 538 (8th Cir. 1997); *United States v. Standish*, 3 F.3d 1207, 108, 1210 (8th Cir. 1993); *United States v. Petary*, 857 F.2d 458, 463 (8th Cir. 1988). So the Court DENIES this part of Defendant's motion in limine.

### B. Defendant's motion to exclude photographs of Mr. Harris with his minor daughter is granted in part.

Defendant next seeks to exclude several photographs of Mr. Harris with his minor daughter as irrelevant and excludable under Rule 403. The Government counters that the photographs are necessary to show what Mr. Harris looked like alive and what his daughter looked like at the time of Mr. Harris's murder.

The Court finds that the photographs are relevant because they show what Mr. Harris looked like while alive and they show what he and his daughter looked like around the time of the crime. Mr. Harris's daughter was with him at the time of the alleged murder, and she will be testifying. The photograph will aid in her testimony, and the jury's understanding of her testimony. The photograph is also not substantially outweighed by unfair prejudice simply because it shows a father with his daughter. That being said, the Court finds that showing several similar photographs would be cumulative. So the Court GRANTS IN PART this specific motion, and limits the Government to showing only one photograph of Mr. Harris with his daughter.

### C. The Government is precluded from introducing evidence, eliciting testimony, or making arguments about Defendant's alleged flight from law enforcement.

With citation to Eighth Circuit authority, Defendant argues that the Government should be precluded from making arguments or introducing evidence about his alleged flight from law enforcement. The Government does not meaningfully contest Defendant's arguments, and it only states that it intends to introduce evidence that Defendant was arrested on March 19, 2018, and what items were found on his person and in the vehicle he was driving.

Since the Government does not meaningfully contest Defendant's arguments or show how his alleged flight is relevant and admissible, Defendant's motion is GRANTED. The Government shall not introduce evidence, elicit testimony, or make arguments about Defendant's alleged flight

5

Case 4:19-cr-00263-DGK   Document 154   Filed 04/27/23   Page 5 of 11

from law enforcement.

**D. Defendant's motion regarding tactical gear is granted in part.**

Without citing any authority, Defendant argues that law enforcement witnesses should be excluded from wearing "full protective," "tactical gear," and "heavy bullet proof" vests during trial because it suggests that Defendant is a dangerous person. The Government argues that its witnesses will not wear "full tactical" or "SWAT" gear during trial.

The Court does not typically prescribe what witnesses should or should not wear during trial. This is especially true where, as here, law enforcement officers may have to testify during their shifts when they are required to wear their uniforms. Moreover, the Court finds Defendant's desire to exclude "heavy bullet proof" vests—versus "light?" bullet proof vests—an unmanageable distinction. It is common for law enforcement officers to wear bullet proof vests under their uniforms, and the Court is not going to stop the trial so it and the other parties may inspect the girth and weight of an officer's vest to determine whether it is too "heavy."

That being said, since the Government has conceded that their witnesses will not appear in "full tactical" or "SWAT" gear, the Court GRANTS IN PART the motion. The law enforcement witnesses are prohibited from wearing full tactical or SWAT gear. But the Court declines to put any further restrictions on what the law enforcement officers may wear.

**III. Defendant's motion to exclude purported Rule 404(b) evidence is denied.**

Around a month before trial, the Government filed a notice that specifically described four categories of purported Rule 404(b) evidence that it intended to introduce at trial. ECF No. 120. The Government notified Defendant and the Court that it intended to introduce the following evidence: (1) Mr. Harris and Defendant's associate Ryan Cobbins was murdered in 2013, and Mr. Harris believed that Defendant was involved; (2) Mr. Harris and Defendant were involved in a

6

large scale marijuana distribution together; (3) Defendant had phones smuggled to him while he was in custody on this charge in part to make various threats to potential witnesses and/or request that potential witnesses have bounties placed on them; and (4) Defendant's prior felon-in-possession of a firearm conviction. *Id*. The Government's lengthy notice not only describes this evidence in detail, but also provides thorough legal analysis explaining why it is admissible as intrinsic evidence of the crime charged or properly admitted under Rule 404(b).

Defendant has filed a motion to exclude this evidence. He argues that the evidence is not intrinsic,[2] and even if it were, it does not satisfy Rule 404(b) because the Government has sufficiently explained the purpose it will be used for. The Court first addresses whether the evidence is intrinsic, and it then whether it is admissibility under Rule 404(b).

### A. The first three categories of evidence are admissible as intrinsic evidence.

The Eighth Circuit has routinely held that evidence that is "intrinsic" to the crimes charged is outside the scope of Rule 404(b) requirements. Evidence is intrinsic when it is offered to "provid[e] the context in which the charged crime occurred" or to "complete[] the story or provide[] a total picture of the charged crime." *United States v. Mink*, 9 F.4th 590, 607 (8th Cir. 2021) (internal quotation marks omitted). More specifically on the "completes the story" or "total picture" front, evidence is considered "intrinsic" when it "helps to fill the gaps in the jury's understanding of the crimes charged." *Id.* (cleaned up) (internal quotation marks omitted). But "[i]ntrinsic evidence need not be *necessary* to the jury's understanding of the issues to be admissible." *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019) (internal quotation marks omitted). And with threats to witnesses in particular, the Eighth Circuit "has consistently

---

[2] With citation to out-of-circuit precedent, Defendant initially argues that other circuits have significantly cabined or abandoned the intrinsic evidence rule. That may be the case, but the Eighth Circuit consistently applies this rule to allow admission of this evidence. So the Court finds Defendant's facial argument against the propriety of the intrinsic evidence rule has no merit.

7

held that [such] evidence…[is] generally admissible, even if prejudicial," *United States v. Skarda*, 845 F.3d 370, 378 (8th Cir. 2016), because it is "direct evidence" that shows "consciousness of guilt of the crime charged," *United States v. Castleman*, 795 F.3d 904, 915 (8th Cir. 2010).

The Court finds that the first three categories of evidence are "intrinsic," and thus, outside the Rule 404(b) requirements. The Government alleges that evidence will demonstrate Ryan Cobbins, Mr. Harris, and Defendant were engaged in a marijuana business together. But in October 2013, Mr. Cobbins went missing, and Defendant allegedly met with Mr. Harris regarding a ransom payment for Mr. Cobbins's return. Mr. Harris allegedly made a $20,000 payment to Defendant, but on December 31, 2013, Mr. Cobbins was found dead. This, according to witnesses, ended the relationship between Mr. Harris and Defendant.

Only about a year after Mr. Cobbins's murder, Defendant was charged in a separate case with being a felon-in-possession of a firearm. Defendant pled guilty. After his release from prison, Defendant allegedly tried to reestablish an illegal narcotics relationship with Mr. Harris. But Mr. Harris refused. Defendant then allegedly demanded "protection" money, and he made threats to Mr. Harris, including "you and [witness] are going to end up like Ryan." ECF No. 120 at 4. Defendant then allegedly used tracking devices to monitor Mr. Harris's movements over time, and Mr. Harris became aware of this tracking and tried to find the devices on his car. Eventually, Defendant allegedly tracked Mr. Harris to an apartment or home and shot and killed him in front of his minor daughter.

The evidence about Mr. Cobbins unquestionably "completes the story" of the charged crimes by showing why Mr. Harris felt threatened—an element of one of the crimes charged—by Defendant's alleged tracking and commensurate threats. Defendant's alleged involvement in the marijuana trade with Mr. Cobbins and Mr. Harris also provides a motive for his alleged actions,

8

thereby also completing the story of the charged crimes.  *See United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014).   In fact, the Court fails to see how the Government could tell a coherent story about the charged crimes without this evidence.

And Defendant's contrary view relies on an overly disjointed view of the evidence. Defendant argues that the alleged incident involving Mr. Cobbins as well as the parties' marijuana dealings was remote in time and unconnected to the crimes charged here.  Not so.  The evidence regarding Mr. Cobbins was only a few years before Mr. Harris's murder, and Defendant spent much of the interim time in jail for being a felon-in-possession of a firearm.  Once Defendant was released, he allegedly reapproached Mr. Harris and even allegedly referenced Mr. Cobbins in one threat to Mr. Harris.  Without understanding who Mr. Cobbins was and the circumstances around his death, this reference will make little sense.  The same can be said for Defendant's alleged involvement in the marijuana trade; without that evidence, Defendant's alleged connection to Mr. Harris and motive to commit the crimes charged make little sense.  So the evidence regarding Mr. Cobbins as well as his, Defendant's, and Mr. Harris's marijuana trade is intrinsic evidence.  *See Mink*, 9 F.4th at 607; *Guzman*, 926 F.3d at 1000; *Young*, 753 F.3d at 770; *see also United States v. Watley*, 46 F.4th 707, 715 (8th Cir. 2022)*; United States v. Reed*, 978 F.3d 538, 543 (8th Cir. 2020); *United States v. Robertson*, 948 F.3d 912, 918 (8th Cir. 2020).

Like that evidence, the evidence regarding Defendant's alleged threats while in custody is also admissible.  Defendant allegedly made multiple threats to potential witnesses and requested that his associates put a bounty on the case agent's life.  These alleged actions while in custody demonstrate consciousness of guilt.  *See Skarda*, 845 F.3d at 378; *Castleman*, 795 F.3d at 915.

All three categories of evidence are highly probative and are not substantially outweighed by the danger of unfair prejudice.  This evidence is certainly prejudicial, but it is not unfairly so.

9

And to blunt any prejudice, the Court may consider providing a limiting instruction at the parties' request. *See United States v. Zierke*, 618 F.3d 755, 759 & n.2 (8th Cir. 2010). The first three categories of evidence are admissible as intrinsic evidence of the crimes charged.

**B. Defendant's prior felon-in-possession conviction is admissible under Rule 404(b).**

Defendant argues that the Government's proposed introduction of his prior felon-in-possession of a firearm conviction is pure propensity evidence.[3] Based on Eighth Circuit precedent, the Government argues that it is clearly admissible under Rule 404(b) to prove his knowledge and intent since Defendant has put them directly at issue by pleading not guilty.

Rule 404(b) governs the admissibility of extrinsic evidence of other crimes, wrongs, or acts. Such evidence is admissible if: "(1) it is relevant to a material issue; (2) is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Nyah*, 35 F.4th 1100, 1108 (8th Cir. 2022) (internal quotation marks omitted). But the Eighth Circuit has been clear that "Rule 404(b) is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *Id.* (internal quotation marks omitted).

The Court finds Defendant's prior felon-in-possession conviction is admissible under Rule 404(b). First, the conviction is relevant to his knowledge and intent to possess the firearm in this case. *See United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020). The prior conviction is nearly identical to the current charge, and it was only a few years before the current case. *See id.* at 617. Moreover, Defendant allegedly committed the instant offense shortly after being released from his

---

[3] Defendant argues that the Government did not give sufficient notice of the purported evidence and its purpose. This argument is so meritless that it borders on frivolous. The Government filed a fourteen-page notice that specifically describes all the purported Rule 404(b) evidence, provides the exact non-propensity purpose for the evidence, and even includes a wealth of controlling and persuasive authority that supports its introduction.

10

prior conviction, so the few year lag between the prior conviction and the instant offense is not too remote and largely a function of Defendant's incarceration on the prior charge. *See Nyah*, 35 F.4th at 1108. Third, the conviction will be proven by the judgment from the prior case. Fourth, the potential prejudice from that conviction is not outweighed by the probative value because the evidence is highly relevant to Defendant's knowledge and intent here. Additionally, the Court can blunt any residual prejudice by giving an appropriate limiting instruction.

The Court, thus, finds that Defendant's prior felon-in-possession of a firearm conviction is admissible under Rule 404(b).[4]

## Conclusion

For the foregoing reasons, the Court: (1) GRANTS the Government's motions, ECF Nos. 142–44; (2) GRANTS IN PART and DENIES IN PART Defendant's motions in limine on various issues, ECF No. 146-1; and (3) DENIES Defendant's motion in limine to exclude Rule 404(b) evidence, ECF No. 123.

**IT IS SO ORDERED.**

Date:  April 27, 2023   /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Even if the other evidence the Court found to be intrinsic were extrinsic, the Court would still admit it under Rule 404(b). The evidence is material to Defendant's knowledge, intent, lack of mistake, plan, and motive here. The evidence is only a few years before or slightly after the crimes charged in this case. It is also similar in kind because it is all related to the relationship between Mr. Harris and Defendant as well as the events charged in the indictment. Moreover, the alleged actions taken against Mr. Cobbins are similar in kind to the actions taken against Mr. Harris (e.g., alleged tracking that resulted in death). The evidence is also supported by witness testimony, and the high probative value is not outweighed by potential prejudice. As noted previously, all this information is necessary to understanding the crimes charged in this case and the testimony—or lack thereof—from witnesses. Moreover, any prejudice can be limited by an appropriate limiting instruction.